IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| DARCI LONG & | § | PLAINTIFFS |
| COLIN LONG | § | |
| | § | |
| v. | § | Civil Action No. 1:08cv531HSO-JMR |
| | § | |
| NORTHWEST AIRLINES, INC. | § | DEFENDANT |

## MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT NORTHWEST AIRLINE INC.'S MOTION TO DISMISS

BEFORE THE COURT is a Motion to Dismiss filed October 1, 2008 [5-1], by Defendant Northwest Airlines, Inc. ["Northwest"], pursuant to FED. R. CIV. P. 12(b)(6). Plaintiffs responded [9-1] on October 16, 2008, and Defendant filed a Rebuttal [12-1] on November 10, 2008. After due consideration of the submissions, the record, and the relevant law, and because it is the opinion of the Court that it lacks jurisdiction, Defendant's Motion must be granted.

## I. FACTS AND PROCEDURAL HISTORY

Plaintiffs filed suit in the Circuit Court of Harrison County, Mississippi, First Judicial District, on June 30, 2008, seeking damages for alleged violations of the Americans with Disabilities Act, ["ADA"]42 U.S.C. § 12102, *et seq.*, for alleged violations of the Air Carrier Access Act of 1986 ["ACAA"], 49 U.S.C.A. § 41705; *et. seq.*; 14 C.F.R. § 382.1 *et seq.*, and for numerous other tort claims, including breach of fiduciary duty, negligence, gross negligence, negligent hiring, failure to train and supervise, negligent and fraudulent misrepresentation, assault and battery,

-1-

outrage, slander, negligent, grossly negligent and intentional infliction of emotional distress, and loss of consortium. Plaintiffs' complaints stem from an alleged incident that occurred while they were passengers on a September 11, 2005, Northwest flight from Los Angeles, California, to Gulfport, Mississippi, via Memphis, Tennessee.

On August 29, 2008, Defendant filed a Notice of Removal to this Court pursuant to 28 U.S.C. § 1441, asserting original federal jurisdiction on the basis of diversity under 28 U.S.C. § 1332, and on the basis of federal question jurisdiction pursuant to 28 U.S.C. § 1441.

## II. DISCUSSION

A.  Standard of Review

Northwest's Motion is styled as one for dismissal pursuant to Rule 12(b)(6), however it also raises the issue of this Court's subject matter jurisdiction to hear this case. The Court must first address the latter question, which is more properly considered under Rule 12(b)(1).

A motion to dismiss under Rule 12(b)(1) challenges a federal court's subject matter jurisdiction. *See* FED. R. CIV. P. 12(b)(1). "[F]ederal claims should not be dismissed on motion for lack of subject matter jurisdiction when that determination is intermeshed with the merits of the claim and when there is a dispute as to a material fact." *Lawrence v. Dunbar*, 919 F.2d 1525, 1531 (11th Cir. 1990) (*referencing Williamson v. Tucker*, 645 F.2d 404, 412 (5th Cir. 1981)). Where, however, the merits of the actual cause of action are irrelevant to the Court's

determination of subject matter jurisdiction, the motion is properly treated as one under Rule 12(b)(1).  *See Hix v. U.S. Army Corps of Engineers*, 155 Fed. App'x 121, 128 (5th Cir. 2005).

Plaintiffs assert that their claims are exempted from the Bankruptcy Court's Discharge Order.  "In the matter sub judice, public policy requires that this cause of action proceed under the laws of equity."  Pls.' Resp. at pp. 5-6.  Plaintiffs further claim that "the Amended Consolidation Plan expressly exempts and expunges the Plaintiffs' claims from discharge." *Id.* at p. 10.

Northwest claims that because "the allowance and disallowance of claims are core matters arising under or in the Bankruptcy Code and fall within the exclusive jurisdiction of the bankruptcy courts, this Court lacks jurisdiction."  Def.'s Reply Br. at p. 4.

    1.    <u>Do Plaintiffs' Claims Fall Within the  Bankruptcy Confirmation Order?</u>

On September 14, 2005, Northwest filed for Chapter 11 bankruptcy relief and protection in the United States Bankruptcy Court for the Southern District of New York.  Northwest continued to operate and manage its business as a debtor in possession pursuant to 11 U.S.C. §§ 1107(a) and 1108.  On May 18, 2007, the Bankruptcy Court entered a Confirmation Order of Northwest's First Amended Joint and Consolidated Plan of Reorganization.  The Order states in part:

> **11.2 *Discharge of Claims against the Debtors and Cancellation of Equity Interests in NWA Corp.***
>
> Except as otherwise provided herein or in the Confirmation Order, the rights afforded in the Plan and the payments and distributions to be

> made hereunder shall be in complete satisfaction of and shall discharge and terminate all Equity Interests in NWA Corp and all existing debts and Claims, of any kind, nature or description whatsoever against or in the Debtors or any of their assets or properties to <u>the fullest extent permitted by section 1141</u> of the Bankruptcy Code. Except as provided in the Plan, on the Effective Date, all existing Equity Interests in NWA Corp. and Claims against the Debtors, including intercompany claims, shall be, and shall be deemed to be, satisfied, discharged and terminated, and all holders of Equity Interests in NWA Corp. and Claims against any of the Debtors shall be precluded and enjoined from asserting against the Reorganized Debtors, or any of their assets or properties, any other or further Equity Interest in NWA Corp. or Claim against any of the Debtors based upon any act or omission, transaction or other activity of any kind or nature that occurred prior to the Effective Date, whether or not such holder has filed a proof of claim or proof of equity interest. Notwithstanding any provision of the Plan to the contrary, any valid setoff or recoupment rights held against any of the Debtors, shall not be affected by the Plan and shall be expressly preserved in the Confirmation Order [emphasis supplied].

*See Confirmation Order at p. 47, att. as Exhibit "A" to Def.'s Mot.*

Defendant's Motion seeks dismissal of the Complaint on the grounds that "Plaintiffs action, ... is a pre-petition, post-discharge claim ... [c]onsequently, Plaintiffs' claims were discharged by the Bankruptcy Court's confirmation order." Def.'s Mot. ¶ 4 at p. 2.

In their Response, Plaintiffs argue that their claims are exempt from the Bankruptcy Discharge Order. They maintain that the purchase of their tickets amounted to a fraudulent misrepresentation since "Defendants represented that they would take careful care of Darci Long and provide reasonable accommodations for her disabilities. ... Northwest utilized fraud to obtain money from the Longs in regard to supplying services which accommodated disabled individuals." *See* Pls'.

Resp. to Def.'s Mot. to Dismiss at p. 2. Plaintiffs conclude that "a discharge under Section 1141 **does not** apply to causes of action where the debtor was involved [sic] 'false pretenses, a false representation, or actual fraud.'" *See* Pls'. Resp. to Def.'s Mot. to Dismiss at p. 2 (emphasis in original).

While Plaintiffs assert that their claims remain viable notwithstanding the Confirmation Order, this Court lacks jurisdiction to reach that conclusion. That decision must be made by the Bankruptcy Court presiding over Northwest's Chapter 11 case. "The allowance and disallowance of claims are core matters arising under or in the Bankruptcy Code and fall within the exclusive jurisdiction of the Bankruptcy Courts." *In re PRS Ins. Group, Inc.*, 335 B.R. 77, 84 (Bankr. D. Del. 2005); *see also* 28 U.S.C. § 157. The Fourth Circuit Court of Appeals has stated that "the allowance or disallowance of a claim in bankruptcy is a matter of federal law left to the bankruptcy court's exercise of its equitable powers." *In re Hartford Sands Inc.,* 372 F.3d 637, 640 (4th Cir. 2004)(*citing Canal Corp. v. Finnman*, 960 F.2d 396, 404 (4th Cir. 1992)); *see also In re Johnson,* 960 F.2d 396, 404 (4th Cir. 1992); *In re Fair,* 2006 WL 4458452 (Bankr. D. Md. Dec. 29, 2005); *In re Lake States Commodities, Inc.,* 230 B.R. 602, 605 (Bankr. N.D. Ill. 1999); *In re Buchholz,* 224 B.R. 13, 20 (Bankr. D.N.J. 1998).

The Court is persuaded that in the present case, Plaintiffs' claims relate to § 502 exemptions from Northwest's Chapter 11 which fall within the realm of the Bankruptcy Court's jurisdiction. Plaintiffs' arguments are insufficient to withstand

Defendant's Motion to Dismiss.

### III. CONCLUSION

The Court, after careful review and consideration of the evidence presented and the relevant legal authorities, and after considering the evidence in the light most favorable to Plaintiffs, including resolving all doubts in their favor, concludes that this Court lacks jurisdiction to resolve their claims against Northwest. Northwest's Motion to Dismiss must be granted.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, for the reasons stated herein, the Motion to Dismiss Complaint filed by Northwest Airlines, Inc., on October 1, 2008 [5-1], pursuant to FED. R. CIV. P. 12(b)(6) should be, and is, hereby **GRANTED** pursuant to FED. R. CIV. P. 12(b)(1), and this case is hereby **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

**SO ORDERED AND ADJUDGED**, this the 5th day of August, 2009.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE